O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS JUAN RAMIREZ,<br>    Petitioner,<br> v.<br>CALVIN JOHNSON,<br>    Respondent. | Case No. SA CV 16-2115 JFW (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |

  Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation ("R&R"), [Dkt. No. 5], Petitioner's Objections to the Report and Recommendation ("Objections"), [Dkt. No. 7], and the remaining record, and has made a *de novo* determination.

  Petitioner's Objections generally reiterate the same arguments made in the Petition, and lack merit for the reasons set forth in the R&R. There is one issue however, that warrants brief discussion here.

  In his Objections, Petitioner argues that "[u]nder [*Descamps v. United States*, 133 S. Ct. 2276 (2013)], the State Court did not have the jurisdiction to impose the defective sentence under any circumstances," and "Petitioner could not be expected to

raise[,] at the time of his conviction[,] points of law [under *Descamps*] which had not yet been pronounced." (Objections at 1-2.) In effect, Petitioner argues that he is entitled to a later statute-of-limitations accrual date under 28 U.S.C. § 2244(d)(1)(C), which allows for accrual on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

In *Descamps*, the United States Supreme Court held that, when imposing an increased sentence based on prior convictions under the Armed Career Criminal Act, federal sentencing courts "may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." *See Descamps*, 133 S. Ct. at 2282.

Even assuming, *arguendo*, that *Descamps* is somehow related to Petitioner's claims for habeas relief, "[t]he United States Supreme Court has not held that *Descamps* is retroactively applicable on collateral review." *Brock v. Davis*, 2015 WL 11070281, at *4 (C.D. Cal. Aug. 21, 2015) (citing various circuit and district court cases). Moreover, contrary to Petitioner's claims, *Descamps* did not announce a new constitutional right. *See Ezell v. United States*, 778 F.3d 762, 765 (9th Cir. 2015) ("The Supreme Court in *Descamps* did not announce a new rule . . . ."), *cert. denied,* 136 S. Ct. 256 (2015); *Brock*, 2015 WL 11070281, at *4 ("*Descamps* did not announce a new rule of constitutional law.")

As such, "*Descamps* does not entitle Petitioner to deferred accrual under section 2244(d)(1)(C)," and the Petition remains untimely.[1] *See Brock,* 2015 WL 11070281, at *4.

//

---

[1] Furthermore, Petitioner's "discovery of *Descamps*" did not "present[] an 'extraordinary circumstance'" justifying equitable tolling, (Objections at 2), because, as mentioned above, *Descamps* did not announce a new rule of constitutional law applicable to Petitioner's claims. *See Ezell*, 778 F.3d at 765; *Brock*, 2015 WL 1107021, at *4.

Accordingly, IT IS ORDERED THAT:

    1.    The Report and Recommendation is approved and accepted;

    2.    Judgment be entered dismissing this action with prejudice;

    3.    All pending motions are denied as moot and terminated; and

    4.    The Clerk serve copies of this Order on the parties.

Additionally, for the reasons stated in the Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, the Court declines to issue a certificate of appealability.

DATED: January 10, 2017

                              HON. JOHN F. WALTER
                              UNITED STATES DISTRICT JUDGE